IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANTHONY HERNANDEZ, | ) FILED: JANUARY 23, 2009 |
| | ) 09CV440 |
| Plaintiff, | ) JUDGE GOTTSCHALL |
| | ) |
| v. | ) MAGISTRATE JUDGE SCHENKIER |
| | ) BR |
| CHICAGO POLICE OFFICER SLAWOMIR PLEWA, | ) |
| OTHER UNKNOWN CHICAGO POLICE OFFICERS, | ) |
| and the CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) Jury Trial Demanded |

## COMPLAINT

NOW COMES Plaintiff, ANTHONY HERNANDEZ, by his attorneys, LOEVY & LOEVY, and complaining of Defendants, CHICAGO POLICE OFFICER SLAWOMIR PLEWA and other UNKNOWN CHICAGO POLICE OFFICERS (collectively, "Defendant Officers"), as well as the CITY OF CHICAGO, states as follows:

### Introduction

1. This action alleging wrongful imprisonment is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

**The Parties**

4.    Plaintiff, Anthony Hernandez, is a 26 year-old resident of the City of Chicago.

5.    Defendant Officer Plewa and as-yet unidentified officers are all police officers employed by the City of Chicago, itself a municipal corporation.  All of the officers are sued in their individual capacities.

**Factual Allegations**

6.    At the time of the events described in this Complaint, Plaintiff had been working at two jobs, including a part-time job at Trend Line HVAC, Inc. as well as full-time at Airway Systems, at which Plaintiff had his own office and earned in excess of $15/hour.  He was engaged, and expecting a baby daughter.

7.    On or about April 16, 2008, the Defendant Officers entered the apartment in which Plaintiff was residing; the Officers did so at a time when no one else was present in the apartment.

8.    The Defendant Officers had previously secured a warrant to enter the home by falsely representing that they had obtained facts from an anonymous "confidential source."

9.    The Defendant Officers falsely claimed to have recovered drugs and drug paraphernalia in the home, as well as $1,000 in cash.

10.    In reality, there had been $4,000 in cash in the apartment, though only $1,000 was inventoried by the Defendants.

2

11. Plaintiff had possessed no drugs or drug paraphernalia. He broke no laws, nor did he do anything to justify an arrest.

12. Upon learning that the police had been inside the home, Plaintiff went voluntarily to the police station at Grand and Central, where he was interrogated by the Defendant Officers.

13. Plewa and other Defendant Officer(s) implored Plaintiff to give them guns or drug dealers. Plaintiff was unable to do so, and he was arrested.

14. Plaintiff was sent to the Cook County Jail where he remained from April through October of 2008, a total of six months. During that time, Plaintiff missed the birth of his child, and lost his jobs.

15. At the conclusion of his six month wrongful incarceration, the state dropped the charges in a manner indicative of Plaintiff's innocence.

16. Plaintiff's case was not the first time that Officer Plewa has planted drugs to justify an arrest.

17. In particular, in August of 2008, Officer Plewa was stripped of his police powers in connection with his arrest on various criminal charges brought against him by the Cook County State's Attorney's Office.

18. Officer Plewa's criminal charges arose out of an incident in April 2007, one year before Plaintiff's arrest, in which Plewa conspired to plant a pistol, 44.5 grams of cocaine, and 62 grams of cannabis in the victim's car.

3

19.   After this contraband was planted, Officer Plewa proceeded to falsely arrest the victim in furtherance of this conspiracy.

20.   When these illegal acts were uncovered, Plewa was himself arrested and charged with official misconduct, perjury obstruction of justice, unlawful restraint, and other charges. His bond was set at a quarter of a million dollars, though he was required to surrender his passport.

21.   On a prior occasion in 2006, Officer Plewa was sued by a mentally handicapped man who claimed that he was falsely arrested and subjected to unnecessary violence.   That case was settled by the City for $50,000.

22.   Until he was arrested and stripped of his police powers in 2008, Officer Plewa had never been disciplined in any manner by the Chicago Police Department.

### Legal Claims

23.   In the manner described more fully above, Defendants violated Plaintiff's constitutional rights, causing him damage.   Among others, Defendants violated Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

24.   Defendants' conduct also constitutes state law malicious prosecution and intentional infliction of emotional distress in that they caused Plaintiff to prosecuted for a crime he did not commit, all without probable cause.

4

25. Defendants also reached an agreement to deprive Plaintiff of his constitutional rights via illicit means, and one or more of them took actions in furtherance of this conspiracy, all in violation of both state and federal law.

26. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others such that the Defendants' actions shock the conscience.

27. Plaintiff's injuries were proximately caused by a policy and practice on the part of the City of Chicago to abuse the "confidential informant" process, to arrest people without probable cause, and then to pursue wrongful convictions through profoundly flawed investigations. In this way, the City of Chicago violated Plaintiff's rights by maintaining policies and practices which were the moving force driving the foregoing constitutional violations.

28. The above-described widespread practices, so well-settled as to constitute *de facto* policy in the Chicago Police Department, was able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

29. The widespread practices described in the preceding paragraphs were allowed to flourish because the City declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment. Indeed, the Department's system for investigating and disciplining police officers accused

of this type of misconduct was, and is, for all practical purposes, nonexistent. As a result, officers are led to believe that they can act with impunity, thereby encouraging the very type of abuses which befell Plaintiff.

30. Additionally, as-yet unidentified supervisory Defendant Officers employed by the Chicago Police Department turned a blind eye to these abuses in that they failed to oversee, supervise, and discipline the Defendant Officers such that this abuse was facilitated, if not encouraged.

31. All of Defendants' interactions with Plaintiff and the criminal case against brought him were undertaken under color of law, and within the scope of their employment.

32. Because each of the Defendants acted within the scope of their employment, the City of Chicago is therefore liable as their employer for any resulting damages and award of attorneys' fees.

WHEREFORE, Plaintiff, ANTHONY HERNANDEZ, respectfully requests that the Court enter judgment in his favor and against Defendant CITY OF CHICAGO and CHICAGO POLICE OFFICER SLAWOMIR PLEWA, as well as other PRESENTLY UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual Defendants in their individual capacities, as well as any other relief this Court deems appropriate.

**JURY DEMAND**

Plaintiff, ANTHONY HERNANDEZ, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:

Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Mike Kanovitz
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

7